# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § § **v.** § § § **DAVID CHARLES MEEKS,** § § | **CASE NO. 6:20-CR-00013-JDK-JDL-1** |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 3, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant David Charles Meeks. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Use, Carrying, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a criminal history category of II, was 60 months. On November 12, 2020, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 60 months imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure. On May 24, 2024, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Tyler Division.

Under the terms of supervised release, Defendant was required to refrain from communicating or interacting with someone Defendant knew was engaged in criminal activity. In Allegation 2 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about November 13, 2025, when Defendant told police officers that he met with a female, Tosha White, who Defendant knew was a drug user. Defendant also told officers that Ms. White left cocaine in Defendant's truck.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by meeting with someone engaged in criminal activity, Defendant will have committed a Grade C violation. U.S.S.G. § 7C1.1(a). Upon a finding of a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of II, the guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7C1.5.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition prohibiting Defendant from communicating or interacting with someone Defendant knew was engaged in criminal activity asserted as Allegation 2 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 7 months with no period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 2 be accepted and that he be imprisoned for 7 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FMC Fort Worth, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 4th day of February, 2026.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE